UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**SHANNON GODWIN**                                                                  **PLAINTIFF**

**v.**                                       **Civil No. 6:18 -cv-6018**

**NANCY A. BERRYHILL, Commissioner**                                **DEFENDANT**
**Social Security Administration**

## MEMORANDUM OPINION

Shannon Godwin ("Plaintiff") brings this action pursuant to §205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C §405(g) (2010), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 13.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background**:

On May 28, 2015, Plaintiff protectively filed his application. (Tr. 10, 198). In his application, Plaintiff alleges he was disabled due to issues with his shoulder, neck, knee, right arm, and a hernia with an alleged onset date of February 16, 2012. (Tr. 198, 202). The claim was

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr. ___"

1

denied initially on November 6, 2015, and again upon reconsideration on April 15, 2016. (Tr. 96, 103).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 107, 124). An administrative hearing was held on December 3, 2015, in Little Rock, Arkansas. (Tr. 35). At the administrative hearing, Plaintiff was present and was represented by a non-lawyer representative, Len Reed. (Tr. 35-50). Plaintiff and Vocational Expert ("VE") David Elmore, testified at this hearing. (*Id.*). On the date of this hearing, Plaintiff testified he was forty-eight (48) years old, which is defined as a "younger person" under 20. C.F.R. § 404.1563(c) (DIB) and testified he had completed the sixth grade in school. (Tr. 39).

On May 26, 2017, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 7-26). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 16, 2012, the alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative joint disease of the knee, shoulder impingement, degenerative disc disease, affective disorder, and anxiety. (Tr. 13, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13-15, Finding 4).

In this decision, the ALJ evaluated the Plaintiff's subjective complaints and determined his RFC. (Tr. 15-24, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were only partially consistent with the evidence. *Id*. Second, the ALJ determined Plaintiff retained the RFC for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform work at the sedentary exertion level. He can only occasionally kneel and crouch. Nonexertionally, the

> claimant is able to perform work where interpersonal contact is incidental to the work performed, incidental is defined as interpersonal contact requiring a limited degree of interaction such as meeting and greeting the public, answering simple questions, accepting payment, and making change; complexity of tasks can be learned by demonstration or repetition within 30 days, few variables, little judgment; supervision required is simple, direct, and concrete (20 CFR 404.1567 (a)).

*Id*.

The ALJ found Plaintiff was unable to perform her Past Relevant Work ("PRW"). (Tr. 25, Finding 6). The ALJ did, however, determine Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, specifically that of an Addresser or Call Out Operator. (Tr. 26, Finding 10). The ALJ based this determination upon the testimony of the Vocational Expert. (Tr. 25-26, Finding 10).

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable disability determination. (Tr. 1, 159). On December 19, 2017, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-4). On February 2, 2018, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 13, 2018. ECF No. 13. Both Parties have filed appeal briefs. ECF Nos. 17-19. This case is now ready for decision.

**2. Applicable Law**:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.

*See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. §423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant

4

can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff alleges his case should be reversed and remanded for immediate award of benefits based upon the following issues: (A) whether ALJ's Residual Functional Capacity findings were proper; and (B) whether the ALJ posed a proper hypothetical question to the vocational expert. (ECF No. 17 at 10-20). In response, Defendant argues that there is no basis for reversal in this case. ECF No. 18. The Court will address each of these arguments.

   **A. Residual Functional Capacity Analysis**

Plaintiff argues the ALJ failed to include all of Plaintiff's limitations, which he had accepted as true in his RFC findings, in the hypothetical posed to the vocational expert. (ECF No. 17, p. 11). Plaintiff argues in his that because the ALJ gave great weight to the opinions of physical therapist Stuart Jones and Dr. Harris, he was required to incorporate each limitation opined by both PT Jones and Dr. Harris. (*Id.*).

Dr. Harris opined that "overhead activities would be unreasonable" but the ALJ restricted Plaintiff only to occasional overhead reach with the non-dominant arm. (Tr. 15, 1239). PT Jones examined Plaintiff and found he could only occasionally lift or carry up to ten pounds, could reach overhead with his right arm, and could perform occasional handling and fingering with his left hand. (Tr. 1250-52). However, PT Jones opined that Plaintiff's functional status remained unknown after his examination due to numerous inconsistencies and unreliable effort, specifically stating that Plaintiff's abilities could be higher than found in this examination. (Tr. 1251-52).

5

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545. A disability claimant has the burden of establishing his or her RFC. *Vossen v. Astrue,* 612 F. 3d 1011, 1016 (8th Cir. 2010). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

An ALJ is neither required to rely entirely on a doctor's opinion nor limited to a mere choice between the medical opinions of record when formulating a claimant's RFC. *See Chapo v. Astrue,* 682 F.3d 1285, 1288 (10th Cir.2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question."); *Martise.* 641 F.3d at 927 ("[T]he ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians.") (internal marks and citation omitted). A claimant's RFC is "ultimately an administrative determination reserved to the Commissioner" *Perks v. Astrue,* 687 F.3d 1086, 1092 (8th Cir.2012) (quoting Cox. 495 F.3d at 619–20), and should be based on "all relevant evidence,

including medical records" *Tellez v. Barnhart,* 403 F.3d 953, 957 (8th Cir.2005) (quoting *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir.2001)).

Plaintiff's argument that the ALJ was not entitled to give great weight to a medical opinion and also choose not to include every limitation found in that opinion, relies upon case law that is not directly analogous to this case. (ECF No. 19, p. 3). Plaintiff cites to a case wherein the ALJ's findings selectively referred only to those findings in a medical opinion that supported his assessment and ignored other portions of that same opinion that contradicted his assessment. *See Summy v. Astrue*, No. 11-00846-CV-NKL-SSA, 2012 WL 1555436, *3 (W.D. Mo. April 30, 2012) (citing *Ellis v. Barnhart*, 392 F.3d 988, 1001(8th Cir. 2005)). In *Summy*, the ALJ adopted the portion of the medical opinion which opined that Plaintiff's limitation did not affect her activities of daily living, while completely ignoring the medical provider's opinion that concentration persistence and pace would be markedly limited and the overarching opinion that she was disabled. (*Id*).

As Plaintiff points out, the ALJ did not omit the portions of Dr. Harris's opinion that contradicted his own RFC assessment. (ECF No. 19, p. 2). Rather, the ALJ carefully discussed the findings of the exam Dr. Harris performed and his opinion, including Dr. Harris' opinion that overhead reaching would be unreasonable. (Tr. 20-21, 24). With regard to PT Jones opinion, the ALJ noted his opinion that Plaintiff put forth unreliable effort. (Tr. 23). PT Jones opined in the section of his report labeled "conclusions" that his only reliable finding was that Plaintiff could perform sedentary work. (Tr. 1252). The ALJ's RFC finding included sedentary work, as well as limiting overhead reaching to an occasional basis and only for the non-dominant upper extremity. (Tr. 15).

Plaintiff additionally argues a limitation to incidental interpersonal conflict inherently conflicts with a requirement to direct supervision. (ECF No. 19, p. 4). The Court does not find this argument compelling. Plaintiff argues that this case must be differentiated from cases addressing whether the ALJ's finding was supported by substantial evidence of record. (*Id*.). However, the ALJ made it very clear what was meant by incidental interpersonal contact in his RFC assessment: limiting contact with the public. (Tr. 15). In her reply brief, the Commissioner cites to a case wherein the court determined there was no apparent conflict between a job that required "frequent talking" and an RFC limitation of no interactions with the public and superficial and incidental work-related interactions with co-workers and supervisors. (ECF No. 18, p. 12). In *Baker v. Colvin*, Plaintiff made a similar argument about internal inconsistencies in the RFC determination. *Baker v. Colvin*, No. 14-CV-371-FHM, 2015 WL 5775227, at *2-3 (N.D. Okla. Sept 29, 2015). In that case, the Court relied in part upon the "people rating" assigned to that specific job, which in that case was a 6 out of 8, the same people rating as the Call Out Operator job Plaintiff objects to in this case. (*Id*.). The Court finds the RFC findings in this case were not internally inconsistent.

After considering these findings, the Court finds that the ALJ's RFC assessment was based upon substantial evidence of record and was not internally inconsistent.

### B. Hypothetical Given to Vocational Expert

"The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (citing *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006)). The ALJ's hypothetical question included all the limitations found to exist by the ALJ and set forth in the ALJ's RFC determination. Id. The Vocational Expert specifically testified, when

evaluating the impact of a limitation to occasionally overhead reaching with the non-dominant upper extremity, that the DOT does not address the issue of overhead reaching and that his testimony was based upon past observation or analysis of these and similar jobs. (Tr. 49). Based on the Court's previous conclusion that the ALJ's RFC findings are supported by substantial evidence, the Court holds that the hypothetical question was proper, and the VE's answer constituted substantial evidence supporting the Commissioner's denial of benefits. Id., see also *Lacroix*, 465 F.3d at 889.

4. **Conclusion**:

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this 19th day of March 2019.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE